ANTONIO PORPORA and BALDASSARE PORPORA, Plaintiffs, *v.* INDE-PENDENCE INDEMNITY COMPANY, Defendant.

City Court of New York, Bronx County, December 10, 1932.

* Affd., Supreme Court, Appellate Term, First Department, February 23, 1933. No opinion.

*Charles A. Loreto,* for the plaintiffs.

*N. B. Kleinpeter,* for the defendant.

DONNELLY, J. The action is upon a bond or undertaking executed by C. Turiano Contracting Co., Inc., as principal and this defendant as surety, whereby they agreed to pay to the city of New York, *or to whom it may concern,* any and all loss, damage or injury resulting to persons or property caused by the operations of the contracting company in the construction of a sewer in and through a certain public street. The plaintiffs are the owners of premises abutting on the street in question.

The complaint alleges damages to the plaintiffs' premises due to the contractor's negligence in blasting with explosives contrary to and in violation of the ordinances of the city of New York. Treating the complaint as one sounding in tort, is the action for that reason improperly on the commercial calendar of this court? I am inclined to think not. Upon this motion the court is not concerned with the question of whether or not the defendant is to pay only in the event that the plaintiffs establish the contractor's negligence, or with the question of whether or not the liability of the contractor being fixed, if it be so determined, the defendant is to pay if the contractor defaults in payment. These and whatever other questions may arise on the defendant's contract of indemnity are not now before me. Although the plaintiffs were not parties to the undertaking, they have the right to maintain this action. By the undertaking, which was executed by the contractor as principal and this defendant as surety, the contractor and the defendant agreed to pay or cause to be paid to the city of New York or " *to whom it may concern,* any and all loss, damage or injury resulting to persons or property by reason of the carelessness, negligence or failure to comply with the requirements of chapter 10 of the Ordinances of the City of New York  *  *  *  *such payment to be made for the benefit of any and all persons suffering damage or loss thereby.*" By rule 2 of the Rules of the City Court of the City of New York it is provided: " The calendar clerk shall transfer to either one or the other of the Commercial Calendars, provided it could not have been brought in a Municipal Court of the City of New York, an action (a) upon a bond or undertaking." Subdivision

" g " of the same rule reads: " for work, labor and services, excluding actions for broker's commissions." It is apparent, from a perusal of the latter part of the sentence just quoted, that not all actions for work, labor and services were intended to be placed upon the commercial calendar. So as to subdivision " n " of rule 2: " upon a policy of insurance, other than life or accident." Here it is plain that not all actions upon policies of insurance were to be placed upon the commercial calendar. And finally, by subdivision " q " of rule 2: " for breach of contract of employment, provided four months has elapsed between the breach and the commencement of the action."

It is evident that the framers of the rule intended to and did discriminate in dealing with the various types of certain classes of actions to be placed upon the commercial calendar. When it was written that an action upon a bond or undertaking should be put upon the commercial calendar, it was not expressed that only actions upon certain kinds or classes of bonds or undertakings were to be preferred or excluded. The only limitation upon the privilege is that the action could not have been brought in a Municipal Court of the City of New York. And it is not accurate to say, as defendant's counsel contends, that it was not the intention of the justices of this court in promulgating rule 2 to include the placing of actions sounding in tort upon the commercial calendar. By subdivision " 1 " of rule 2, an action in conversion may go upon the commercial calendar.

There is nothing in this decision inconsistent with what was said in *Wasser* v. *City of New York* (N. Y. L. J. Nov. 23, 1932). There the action was against the city and the contractor who built part of the Concourse subway. The plaintiff, an abutting property owner, in her first cause of action against both defendants, alleged that the damage to her property was caused by the defendants' negligence. In her second cause of action, she pleaded an undertaking by the contractor to the city, under the terms of which he was bound to make good any damage to the property of an adjacent or abutting owner, regardless of the contractor's negligence. A motion was made to strike the cause from the commercial calendar. Very soon thereafter and before the motion was decided, the action was, by stipulation, severed as against the city. Under the stipulation, the plaintiff elected to proceed against the contractor upon the ground of negligence, reserving her right to continue against the city. Motion denied.